# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| JILL and ROBERT WEBB in their own proper persons and as parents, and next friends of their minor children, | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 08 C 6241 |
| v. | ) ) | |
| CBS BROADCASTING INC., a foreign corporation, | ) ) ) ) | Wayne R. Andersen |
| Defendant. | ) | District Judge |

## MEMORANDUM OPINION AND ORDER

This case is before the court on the motion of CBS Broadcasting, Inc. ("CBS") for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). For the reasons set forth below, CBS's motion is granted with respect to any allegations based upon *publication* of the videotape at issue. However, the motion is denied as to the remainder of Counts I and III. As explained more fully below, with respect to Count I, plaintiffs' claim for intrusion upon seclusion, plaintiffs are given leave to amend their complaint to include allegations only as to the invasion of privacy that occurred as a result of the act of the videotaping itself. Any allegations of injury or damages suffered as a result of the publication of this material are dismissed and should not be included in an amended complaint.

## BACKGROUND

Plaintiffs Jill and Robert Webb ("the Webbs") filed a four count complaint against CBS and several individual defendants in the Circuit Court of Cook County on September 26, 2008.

Defendant CBS then filed a timely notice of removal in this court on October 31, 2008 on the basis of diversity jurisdiction.

The Webbs' four-count complaint set forth allegations claiming the following: 1) intrusion upon seclusion, 2) false light, 3) intentional infliction of emotional distress, and 4) publication of private facts. The allegations in the complaint stemmed from an incident that occurred at the home of Jill Webb's brother, Craig Stebic ("Stebic") on July 6, 2007, and the subsequent publicity surrounding that incident. Stebic's wife, Lisa Stebic, mysteriously disappeared from her home on April 30, 2007. Cmplt. ¶ 17. Amy Jacobson ("Jacobson") was assigned by the National Broadcast Company ("NBC") to cover the story. Cmplt. ¶ 21. On July 7, 2007, Jacobson visited the Stebic's home to discuss the case. Cmplt. ¶ 29. Using a telephoto lens, a videotape was then shot from neighbor Tracy Reardon's home depicting the Webbs, Stebic, Jacobson, and some children in their bathing suits around the Stebic's backyard pool, which was allegedly surrounded by a seven foot privacy fence. Cmplt. ¶¶ 34-42. (While the Webbs allege that it was Reardon who shot the videotape, CBS's motion states that it was actually a CBS cameraman who shot the video footage). Cmplt. ¶¶ 34, 46; Mot. at 2 n.1.

The complaint then alleges that CBS aired an edited version of the videotape on July 10, 2007 and that the CBS broadcast "suggested that Amy Jacobson had made a social visit to the Stebic household and implied that Craig Stebic and Amy Jacobson were having a sexual affair..." Cmplt. ¶¶ 48-49. Further, the Webbs allege that CBS posted the raw footage of the videotape on the internet. Cmplt. ¶ 51-52. The Webbs allege that they are clearly visible on the videotape, and that video images of their children are also visible, although intentionally distorted. Cmplt.

¶ 53. The Webbs claim that the actions of CBS caused them "severe emotional distress" and "public humiliation." Cmplt. ¶¶ 57, 59.

Defendant CBS filed an answer to the complaint on October 31, 2008. On November 11, 2008, CBS filed a motion for judgment on the pleadings. Subsequently, individual defendant Michele Weldon was dismissed with prejudice by agreed order on November 13, 2008, and all but one of the other individual defendants were dismissed with prejudice by agreed order on January 7, 2009. Therefore, CBS and Tracy Reardon ("Reardon") are the only remaining defendants. However, Reardon has not yet been served.

CBS's motion for judgment on the pleadings originally sought a judgment in its favor on all four counts. In the Webbs' response to the motion they concede that Counts II and IV, false light and publication of private facts respectively, are barred by the applicable one year statute of limitations set forth in 735 ILCS 5/13-201. Resp. at 3. Accordingly, the only two remaining counts are Count I for intrusion upon seclusion and Count III for intentional infliction of emotional distress. We now turn to CBS's motion.

## **LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 12(c), a motion for judgment on the pleadings is subject to the same standard as a Rule 12(b)(b) motion to dismiss. *Guise v. BMW Mortgage, LLC*, 377 F.3d 795, 798 (7th Cir. 2004). Accordingly, in deciding a motion for judgment on the pleadings, the court must accept all well-pled allegations in the complaint as true and draw all reasonable inferences in a light favorable to the plaintiff. *Jackson v. E.J. Branch Corp.*, 176 F.3d 971, 978 (7th Cir. 1999). A complaint must describe the claim with sufficient detail as to "give the defendants fair notice of what the...claim is and the grounds upon

3

which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Further, the "allegations must plausibly suggest that the defendant has a right to relief raising that possibility above a 'speculative level.'" *EEOC v. Concentra Health Servs.,* 496 F.3d 773, 776 (7th Cir. 2007)(quoting *Twombly*, 550 U.S. at 555).

While the court's analysis is limited to the pleadings, it may consider documents incorporated by reference in the pleadings in its analysis. Further, the court may take judicial notice of matters of public record. *See United States v. Wood*, 925 F.2d 1580, 1581-82 (7th Cir. 1991). Finally, "[a] court may grant judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) only if the moving party demonstrates that based on the pleadings, there are no material issues of fact to be resolved and it is entitled to judgment as a matter of law." *Leonel & Noel Corp. v. Cerverceria Centro Americana, S.A., et al.*, No. 08 C 5556, 2009 U.S. Dist. LEXIS 30954, at *5-6 (N.D. Ill. April 13, 2009)(citing *Bannon v. Univ. of Chi.*, 503 F.3d 623, 628 (7th Cir. 2007)).

## DISCUSSION

I.  **Count I: Intrusion Upon Seclusion**

In Count I the Webbs allege that CBS invaded their privacy and intruded into their seclusion by videotaping and spying upon a private matter and by writing and falsely reporting about them. Cmplt. ¶¶ 61, 63. The Webbs claim that this conduct was offensive and objectionable to a reasonable person. Cmplt. ¶ 62. CBS alleges that they are entitled to judgment on the pleadings on Count I for two reasons: 1) Count I is barred by the one year statute of limitations set forth in 735 ILCS 5/13-201, and 2) even if Count I is not barred by the statute of limitations, the Webbs have failed to sufficiently state a claim for intrusion upon seclusion, primarily because their claims are based upon publication of the videotape, not the intrusion itself.

4

CBS's arguments are interrelated, because if the Webbs' allegations are in fact based upon publication, then the Webbs' claim for intrusion upon seclusion would fail for two reasons: 1) claims based on publication fall outside the scope of the intrusion upon seclusion tort, and 2) the claim would be time barred pursuant to 735 ILCS 5/13-201 because the conduct alleged in the complaint occurred in July 2007 and the complaint was not filed until September 26, 2008. 735 ILCS 5/13-201 ("Actions for slander, libel or for publication of matter violating the right of privacy shall be commenced within one year next after the cause of action accrued."); *see also Mlynek v. Household Fin. Corp.*, No. 00 C 2998, 2000 U.S. Dist. LEXIS 13783, at *7 (N.D. Ill. Sept. 11, 2000)("'The basis of the [intrusion upon seclusion] tort is not publication or publicity. Rather, the core of this tort is the offensive prying into the private domain of another.'")(quoting *Lovgren v. Citizens First Nat'l Bank*, 534 N.E.2d 987 (Ill. 1989)).

  CBS argues that the gravamen of the Webbs' complaint is based upon the *publication* of the videotape, and not the act of videotaping itself. However, the plaintiffs have made allegations regarding both the intrusion itself *and* the publication. Cmplt. ¶ 61 ("The conduct of Defendants invaded the privacy and intruded on the seclusion of Plaintiffs and their minor children **by videotaping and/or spying on them** and writing and/or falsely reporting stories about them.")(emphasis added). Therefore, we agree with CBS's contention that, pursuant to the clear language of the statute, any allegations based upon *publication* of the videotape are time-barred by the one year statute of limitations. 735 ILCS 5/13-201. However, we find that plaintiffs have also alleged that they suffered damages based upon the act of videotaping and spying itself, which are not barred by the statute of limitations. *Benitez v. KFC Nat'l Mgmt. Co.*, 714 N.E.2d 1002, 1035 (Ill. App. 1999)(holding that the tort of intrusion upon seclusion is not governed by Section 5/13-201).

Furthermore, to the extent that CBS argues that the Webbs have not sufficiently set forth a claim for intrusion upon seclusion, we disagree. Pursuant to Illinois law, to recover on an intrusion upon seclusion claim, the Webbs must show: 1) they were in a place that a reasonable person would believe to be "secluded", 2) the intrusion would be highly offensive to a reasonable person, 3) the matters intruded upon were "private", and 4) the intrusion caused the plaintiff "anguish and suffering." *Busse v. Motorola, Inc.*, 351 Ill. App. 3d 67, 71 (1st Dist. 2004)(citations omitted). As an initial matter, as explained above, the Webbs have alleged that they were harmed by the act of videotaping itself, not simply the publication of the videotape. Additionally, we find that the plaintiffs allegations that they were swimming in the backyard pool of a private home surrounded by a seven foot privacy fence are sufficient to allege both that they believed they were in a secluded place and that the activity was private. Finally, we hold that a reasonable person could find that a television cameraman using a telephoto lens to videotape the Webbs and their children in their bathing suits around a private backyard pool to be highly offensive. Accordingly, we find that the Webbs have properly stated a claim for intrusion upon seclusion.

Therefore, we grant CBS's motion for judgment on the pleadings with respect to any allegations regarding the publication of the videotape. However, we deny CBS's motion for judgment on the pleadings as to the remainder of Count I. Additionally, the Webbs are given leave to file an amended complaint which limits the allegations in Count I to those regarding the actual intrusion into their private space, and does not contain allegations regarding publication, writing, or reporting about the incident.

**II.     Count III: Intentional Infliction of Emotional Distress**

Count III alleges that the conduct described throughout the complaint intended to, and did in fact, cause the Webbs severe emotional distress. Cmplt. ¶ 74. The defendants move for

judgment on the pleadings on Count III for two reasons: 1) Count III is also barred by the one year statute of limitations set forth in 735 ILCS 5/13-201, and 2) even if Count III is not time-barred, the Webbs have failed to sufficiently state a claim for intentional infliction of emotional distress. First, we hold that the one year statute of limitations set forth in 735 ILCS 5/13-201 does not apply to the Webbs' intentional infliction of emotional distress claim. We find no indication in the plain language of the statute that a claim for intentional infliction of emotional distress falls within the purview of Section 5/13-201. Furthermore, it is well settled within this circuit that there is a two year statute of limitations for intentional infliction of emotional distress. *See Atkins v. Coca Cola Enters., Inc.*, No. 07 C 1038, 2007 U.S. Dist. LEXIS 87443, at *17 (N.D. Ill. Nov. 28, 2007); *Feltmeier v. Feltmeier*, 798 N.E.2d 75, 85 (Ill. 2003). We reject CBS's argument that the Webbs' cause of action is based solely on publication of the videotape and thus the intentional infliction of emotional distress claim should be construed as a publication tort and is time-barred. As explained above, we believe that the Webbs have stated a claim based on the act of videotaping itself, and we have given the Webbs leave to file an amended complaint based solely upon those allegations. Therefore, consistent with Illinois law, we find that because the essence of a claim for intentional infliction of emotional distress is emotional distress, a type of personal injury, the two year statute of limitations for personal injury torts in Illinois applies to the Webbs claim. *Id.; see also* 735 ILCS 5/13-202.

Furthermore, the Webbs have adequately stated a claim for intentional infliction of emotional distress. In order to plead a cause of action for intentional infliction of emotional distress, a plaintiff must allege that the conduct was extreme and outrageous, that the conduct was either intentional or had a high probability of causing emotional distress, and that the conduct did, in fact, cause emotional distress. *McGrath v. Fahey*, 533 N.E.2d 806, 809 (Ill. 1988)(citing *Pub. Fin. Corp. v. Davis*, 360 N.E.2d 765, 767 (Ill. 1976)). Whether conduct is

extreme and outrageous is necessarily a subjective question. However, we find that a reasonable person could conclude that the conduct alleged, namely a CBS cameraman using a telephoto lens to shoot an unauthorized video of the Webbs and their children in their bathing suits around a private backyard pool surrounded by a high privacy fence from a neighbor's upstairs window, is extreme and outrageous conduct that was intended to, and did actually cause, emotional distress.

Accordingly, we deny CBS's motion for judgment on the pleadings as to Count III.

## CONCLUSION

For the reasons set forth above we grant CBS's motion for judgment on the pleadings with respect to any allegations based upon the publication of the videotape at issue. However, we deny CBS's motion for judgment on the pleadings as to the remainder of Counts I and III. The Webbs are given leave to file an amended complaint that alleges damages only based upon the videotaping and spying itself, and not based upon any publication. The amended complaint is to be filed on or before June 12, 2009.

It is so ordered.

_____
Wayne R. Andersen
United States District Judge

Dated: May 7, 2009