IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JILL and ROBERT WEBB in their own proper persons, and as parents and next friends of their minor children, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 08 C 6241 |
| v. | ) ) | Judge Wayne R. Andersen |
| | ) | Magistrate Judge Geraldine Soat Brown |
| CBS BROADCASTING, INC., a foreign Corporation, and TRACY REARDON, | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on defendant CBS Broadcasting Inc.'s ("CBS") motion for attorneys' fees. [Dkt 89.] For the reasons set forth below, CBS's motion is granted, and CBS is awarded $10,444.00 in attorneys' fees incurred in connection with its previously granted motion for sanctions. Plaintiffs Jill and Robert Webb and their counsel are jointly and severally liable for that amount, and shall remit payment to CBS within 30 days of this order.

Sanctions were previously imposed against plaintiffs Jill and Robert Webb ("the Webbs") and their counsel under Federal Rule of Civil Procedure 37(b)(2)(C) following their failure to comply with an order to respond to CBS's discovery requests. (Mem. Op. and Order, May 25, 2010.) [Dkt 77.] Pursuant to that order, CBS was awarded its reasonable attorneys' fees and costs incurred in preparing, filing, and presenting the motion for sanctions. (*Id*. at 11-12.) The parties were further ordered to follow the procedure set out in Local Rule 54.3(d) and (e) and attempt to

agree on the amount to be paid to CBS. (*Id*. at 12.) The parties having been unable to reach agreement, CBS filed the current motion for attorneys' fees pursuant to Local Rule 54.3(f), seeking $10,444 in fees. (Def.'s Mot. at 1.)

The parties have submitted a joint statement of their respective positions on fees as required by Local Rule 54.3(e). (Def.'s Mem., Ex. C, Joint Stmt.) [Dkt 90.] CBS seeks a fee award in the amount of $10,444, broken down as follows: $1,875 for time spent by attorney Lee Levine (5.0 hours x $375 per hour); $1,653 for time spent by attorney Brian Sher (3.8 hours x $435 per hour); and $6,916 for time spent by attorney Katharine Larsen (24.7 hours x $280 per hour). (*Id.* at 2.) CBS has submitted affidavits from these three attorneys providing a breakdown of their work for which they seek an award. (*Id.*, Ex. D, Affs. of Lee Levine, Brian A. Sher, and Katharine Larsen.) CBS also represents that it voluntarily reduced the fee request from almost $19,000 (representing time actually incurred) to $10,444, and waived its costs in a good faith effort to reach agreement with the Webbs. (*Id*. at 2-3; Joint Stmt. at 1.) Furthermore, CBS's primary counsel is located out of town and appeared for the motion hearing via telephone, thereby avoiding additional travel fees CBS would have incurred.

The Webbs object that the time CBS's attorneys spent working on the motion was excessive, but they do not dispute the reasonableness of the hourly rates. (Joint Stmt. at 3.) The Webbs propose that $1,245[1] is a reasonable fee award, broken down as follows: $187.50 for Mr. Levine's time (0.5 hour x $375 per hour); $217.50 for Mr. Sher's time (0.5 hour x $435 per hour); and $840 for Ms. Larsen's time (3.0 hours x $280 per hour). (*Id.* at 3.)

---

[1] Although the Webbs calculated the total as $1,145, the actual sum of the numbers they propose is $1,245.

There is no precise formula for determining reasonable attorney's fees, but the court generally begins by calculating the reasonable hourly rate multiplied by the number of hours reasonably expended. *Schlacher v. Law Offices of Phillip J. Rotche & Assocs., P.C.*, 574 F.3d 852, 856 (7th Cir. 2009). The court will examine the hours billed and the fees charged, consider the respondent's objections, and make a reasonableness determination. *See, e.g., Johnson v. Kakvand*, 192 F.3d 656, 661 (7th Cir. 1999). The court may then adjust that amount to reflect various factors, including "the complexity of the legal issues involved, the degree of success obtained, and the public interest advanced by the litigation." *Schlacher*, 574 F.3d at 856-57. The court must provide a clear explanation for its award and will not decrease the fee arbitrarily because of a "visceral reaction" that the request is excessive. *Id.* at 857.

In this case, both the hours expended by CBS on its motion for sanctions and the hourly rates charged were reasonable. CBS initially filed a motion for sanctions [dkt 50], a seven-page memorandum citing supporting authority [dkt 51], and a declaration from Mr. Sher along with nine exhibits [dkt 52]. After the Webbs served partial responses to the discovery requests (which the court found to be inadequate), CBS prepared and submitted a three-page supplemental memorandum to its motion for sanctions, citing additional authority. [Dkt 54.] In addition, the court takes notice of the fact that CBS's counsel spent time in court presenting and arguing the motion at an initial hearing on March 5, 2010, and at a continued hearing on March 9, 2010. [Dkt 62, 65.]

The bulk of the time expended by CBS was by Ms. Larsen, an associate attorney, in researching and drafting the initial motion and supplemental memorandum, and assembling the supporting exhibits (22.6 hours). (Larsen Aff. at 2.) That is not an unreasonable amount of time to ascertain the legal and factual basis for a motion for sanctions, prepare and revise a comprehensive

draft of a motion, compile the supporting exhibits and coordinate the filing. *See, e.g., Spartan Tool, L.L.C. v. Edwards*, No. 07 C 5508, 2010 WL 582644 at *3 (N.D. Ill. Feb. 17, 2010) (authorizing a $12,106.80 attorneys' fee award for Rule 37 motion for sanctions). The three hours the Webbs suggest this process should have taken would be extremely light even for a very experienced attorney billing at a higher rate.

Mr. Sher and Mr. Levine reviewed and revised Ms. Larsen's draft, and Ms. Larsen, Mr. Sher, and Mr. Levine spent time reviewing the Webbs' partial discovery responses, preparing and filing the supplemental memorandum, and presenting and arguing the motion to the court. The additional 2.1 hours Ms. Larsen expended, and the 3.8 hours and 5 hours that Mr. Sher and Mr. Levine expended respectively, are not excessive for those tasks. The time the Webbs would permit for Mr. Sher and Mr. Levine (one-half hour each) barely covers the time those attorneys actually spent in court on March 5, 2010.

As for the attorneys' hourly rates, the Webbs have not contested their reasonableness, nor does the court find them to be unreasonable. *See, e.g., Spartan Tool,* 2010 WL 582644 at *3 (accepting $432 and $280 as reasonable hourly rates). Mr. Sher is a partner of Bryan Cave, L.L.P., Mr. Levine is a partner of Levine, Sullivan, Koch & Schulz, L.L.P., and Ms. Larsen is an associate of that firm. Their hourly rates of $435, $375, and $275, respectively, are reasonable, as the Webbs acknowledge. Thus, $10,444 is a reasonable amount for CBS's attorneys' fees.

No additional factors in this case require an adjustment of the amount CBS has requested. While a motion for sanctions may not raise the most complex of legal issues, it is a serious matter and should not be undertaken lightly. As CBS points out, a party must conduct the necessary research to determine it has a solid basis before bringing such a motion. (Def.'s Mem. at 2.) In this

case, the hours CBS spent preparing its motion are proportional to the relief requested. Moreover, CBS has already voluntarily reduced its fee request and has waived any non-taxable expenses in connection with the motion for sanctions. (*Id*. at 2-3; Joint Stmt. at 1.)

Based on correspondence between the parties' respective counsel submitted by CBS, it appears that the Webbs' counsel did not meaningfully participate in a pre-motion conference pursuant to Local Rule 54.3(d) to attempt to work out the amount of the fees. (Def.'s Mem., Exs. A, B.) Instead, the parties had a telephone conversation in which, according to CBS, the Webbs' counsel took the position he could not pay more than a "nominal amount." (*Id.* at 2, Ex. B.) Similarly, the Webbs fail to make any specific objections to any particular aspects of CBS's request except a generalized objection that too much time was spent, including time that CBS has decided not to include in its request. (Joint Stmt. at 2-3.)[2] Notably, Local Rule 54(d)(5) requires that, if no agreement is reached, the respondents provide to the movant information about the respondents' corresponding fees and time incurred. There is no evidence that the Webbs provided that information.

Rule 37(b)(2)(C) provides that the court may order the amount of the sanction to be paid by the disobedient party, the attorney advising the party, or both. As discussed in the May 25, 2010 Memorandum Opinion, the fault lies with both the Webbs and their counsel. Accordingly, the sanctions are assessed against both the Webbs and their counsel.

---

[2] The Webbs argue that at the time of the motion for sanctions, CBS had not responded to their discovery. (Joint Stmt. at 3.) That argument is not only irrelevant to the present motion, it is contrary to the Webbs' counsel's statements in the parties' initial status report. (*See* Mem. Op. and Order, May 25, 2010, at 2.)

5

Therefore, CBS is awarded attorneys' fees and costs in the amount of $10,444. The Webbs and their counsel are jointly and severally liable for that amount, which shall be paid to CBS within 30 days of this order.

IT IS SO ORDERED.

_____
Geraldine Soat Brown
United States Magistrate Judge

October 5, 2010